UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSE MARIA AGUILAR-GARCIA,

Petitioner,

v.

KRISTI NOEM, et. al.,

Respondents.

No.  1:26-cv-01395-DC-DMC-HC

FINDINGS AND RECOMMENDATIONS

Petitioner, a former immigration detainee, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 along with a motion for temporary restraining order. See ECF Nos. 1 and 5.

Petitioner has lived in the United States since October 20, 2010, and was detained by Immigration and Customs Enforcement (ICE) on October 27, 2025. See ECF No. 1, pg. 2. Petitioner asserts his detention without a bond hearing violated due process and the Immigration and Nationality Act (INA). See id. at 4.  On February 19, 2026, Respondents filed a motion to dismiss. See ECF. No. 10. In a minute order, the District Judge ordered Respondents to file supplemental briefing to address whether there were any factual or legal issues in this case that rendered it distinguishable from the Court's prior orders in Maciel v. Noem, No. 1:26-cv-01318-DC-CKD, 2026 WL 496948 (E.D. Feb. 23, 2026), and whether Petitioner was entitled to the same relief as that in Maciel. See ECF No. 13.

1

Respondents filed supplemental briefing addressing the Court's minute order, submitting that the case was not materially distinguishable from Maciel. See ECF No. 15. On March 18, 2026, the Court adopted the reasoning in Maciel and Barajas Ortiz v. Chestnut, No. 1:26-cv-01167-DC-SCR, Doc. No. 11 (E.D. Cal. Feb. 24, 2026), and granted Petitioner's motion for temporary restraining order. See ECF No. 16. The Court ordered:

(1) Petitioner shall be released immediately from the Respondents' custody; and

(2) Should Respondents' attempt to redetain Petitioner, they shall provide him with a bond hearing pursuant to 8 C.F.R. 1236.1(c)(8) at which Petitioner shall bear the burden of showing that he is not a flight risk or a risk to community safety.

Id.

Additionally, "in light of Respondents' non-opposition to treating Petitioner's Motion for a Temporary Restraining Order as a Motion for Preliminary Injunction," the Court issued a preliminary injunction on the same terms. Id. The matter was referred to the undersigned for further proceedings. Parties were provided time to supplement their briefing, ECF No. 17, but declined to do so and the matter was submitted.

The undersigned has evaluated the petition, the parties' arguments, and the record in this case. The Court finds, for the reasons addressed in the District Judge's order, ECF No. 16, and in other cases, see Carias v. Wofford, No. 1:26-cv-3273-DC-DMC-HC, 2026 LX 279794, WL 1493109 (E.D. Cal. May 28, 2026), report and recommendation adopted sub nom. Carias v. Wofford, No. 1:26-CV-3273-DC-DMC (HC), 2026 WL 1715369 (E.D. Cal. June 12, 2026), that Petitioner is subject to discretionary detention pursuant to § 1226(a), entitled to a pre-deprivation bond hearing, and absent such process, Petitioner's detention violated the INA. Therefore, the undersigned will recommend the motion to dismiss be denied and the petition be granted.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Based on the foregoing, the undersigned RECOMMENDS that the motion to dismiss, ECF No. 10, be denied, and the petition for writ of habeas corpus, ECF No. 1, be GRANTED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs.  See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b).  Thus, within 7 days after being served with these findings and recommendations, any party may file written objections with the Court.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  July 1, 2026

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

3